**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **GEORGE WYATT, JR.,** <br> **and LISA M. HILL WYATT,** | : |
| **Plaintiffs,** | : |
| **vs.** | :   **CIVIL ACTION 22-0147-TFM-MU** |
| **STATE OF TEXAS GOVERNMENT** <br> **SYSTEM,** | : |
| | : |
| **Defendant.** | |

## REPORT AND RECOMMENDATION

Plaintiff George Wyatt, Jr., who is proceeding *pro* se, filed a handwritten self-styled complaint and an application to proceed *in forma pauperis* on another court's form. (Docs. 1, 2). Even though Lisa M. Hill Wyatt is listed as a Plaintiff, each document is signed only by George Wyatt, Jr., an inmate with Texas Department of Corrections, Estelle 2, Unit RMF - 264 FM 3478, Huntsville, Texas, 77320-3322. *See* Rule 11(a) (requiring that a party not represented by an attorney personally sign every writing filed with the court). Lisa M. Hill Wyatt is not a proper party-plaintiff and she should be dismissed from this case. Thus, the only Plaintiff to this action is George Wyatt, Jr. *Accord Class v. U.S. Bank Nat'l Assoc.*, 734 F. App'x 634, 636 (11th Cir. 2018) ("The right to appear *pro se* . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others.") (quotation marks and citations omitted). Moreover, only one inmate can be a plaintiff in an action when the inmate seeks to proceed *in forma pauperis. Hubbard v. Haley*, 262

F.3d 1194, 1198 (11th Cir.), *cert. denied*, 534 U.S. 1136 (2002). And, when an inmate seeks to proceed *in forma pauperis*, the court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

During the screening of the complaint, the Court reviewed Plaintiff's litigation history. As a result, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding *in forma pauperis* and did not pay the $402 filing and administrative fees when he filed this action.

## I. Section 1915(g) and Plaintiff's Litigation History.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

In screening the complaint, the undersigned reviewed the dockets of the United

States District Courts for Texas to determine if Plaintiff has three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] From these dockets, the Court discovered that Plaintiff has had at least three actions or appeals dismissed for one of the foregoing reasons, namely,[2] *Wyatt v. Midstate Commissary, et al.,* CA No. 4:99-cv-00234-Y (N.D. Tex. Sept. 30, 1999); *Wyatt v. Stardust Apartments,* CA No. 4:99-cv-840-Y (N.D. Tex. Dec. 29, 1999); *Wyatt v. Stacks, et al.,* CA No. 4:05-cv-01032-H (S.D. Tex. Apr. 7, 2005); *Wyatt v. Stardust Apartments,* CA No. 4:99-cv-940-Y (N.D. Tex. June 2, 2010). Thus, the present action comes within the scope of 28 U.S.C. § 1915(g). Consequently, the present action is due to be dismissed unless Plaintiff can satisfy the exception to § 1915(g).

## II. <u>Section 1915(g)'s Exception</u>.

Section 1915(g)'s exception requires that at the time of the complaint's filing, Plaintiff must show that he was "under imminent danger of serious physical injury." *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must exist at the time the complaint is filed, not at a prior time); "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had

---

[1] Plaintiff has filed numerous actions in federal courts throughout the United States according to PACER.

[2] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

already occurred." *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished). Plaintiff's allegations do not show he was experiencing or would experience an imminent danger of serious physical injury.

Plaintiff named as the sole Defendant the State of Texas Government System. (Doc. 2 at 1, PageID.3). Plaintiff's handwriting in his brief complaint is difficult to read, and the words that can be recognized do not convey a clear thought. (Doc. 1 at 1, PageID.1). Some of the decipherable words are "motion for a stay," "bond surety," "motion to a money lien enforcement," "transcript agreeable arrangement," "all the money," "pay to the order of [Plaintiff] . . . the sum of $100 decillion sixty. . . ." (*Id.* at 1-2, PageID.1-2). These words and terms and the other writings in his complaint do not show that Plaintiff was in any type of imminent danger of serious physical injury at the time he filed his complaint. Rather, Plaintiff's writings involve money and a lien.

However, section 1915(g) requires that Plaintiff must have been in imminent danger of serious physical injury at the time of the complaint's filing. 28 U.S.C. § 1915(g). Accordingly, the Court finds that Plaintiff did not meet his burden of showing that he was in imminent danger of serious physical injury when he filed his complaint. *Medberry,* 185 F.3d at 1193.

### III.  <u>Conclusion</u>.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of

his failure to pay the $402 filing and administrative fees at the time he filed this action,

and because the other listed plaintiff is not a proper party, it is recommended that this

action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  *Dupree,* 284

F.3d at 1236 (holding that an action must be dismissed without prejudice when an

inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the

suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing

fee must be paid by an inmate subject to § 1915(g) at the time an action is

commenced), *cert. denied,* 535 U.S. 976 (2002).

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written

objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b);

S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a

report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1)

waives the right to challenge on appeal the district court's order based on unobjected-to

factual and legal conclusions if the party was informed of the time period for objecting and

the consequences on appeal for failing to object. In the absence of a proper objection,

however, the court may review on appeal for plain error if necessary in the interests of

justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 18th day of April, 2022.

<u>**s/ P. BRADLEY MURRAY**</u>
**UNITED STATES MAGISTRATE JUDGE**