## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| GEORGE WYATT, JR., <br> And LISA M. HILL WYATT, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF TEXAS GOVERNMENT SYSTEM, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIV. ACT. NO. 1:22-cv-147-TFM-MU <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

On April 18, 2022, the Magistrate Judge entered a Report and Recommendation which recommends this action be dismissed pursuant to 28 U.S.C. § 1915(g).  *See* Doc. 5.  No objections were filed.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court with one clarification.  The Report and Recommendation makes a brief note that the beginning that Lisa M. Hill Hyatt is not a proper party plaintiff and should be dismissed making George Wyatt Jr. the only plaintiff.  The Court agrees in principle but would clarify that the dismissal of Lisa M. Hill Hyatt would not fall under 28 U.S.C. § 1915(g).

The Court notes, pursuant to 28 U.S.C. § 1654, George Wyatt Jr. may theoretically proceed pro se on his own behalf in a case, but as a non-attorney, he cannot engage in the practice of law on behalf of others.  There is nothing in § 1654 or the Federal Rule of Civil Procedure 17(c) that permits him to proceed pro se on behalf of Lisa M. Hill Hyatt.  The Eleventh Circuit has held on

several occasions 28 U.S.C. § 1654 prohibits a non-lawyer from representing another entity such as a corporation, trust, or estate.  *See, e.g., Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th 1984); *Class v. U.S. Bank Nat'l Assoc.*, 734 F. App'x 634, 636 (11th Cir. 2018); *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012).  While George Wyatt Jr is being dismissed under 28 U.S.C. § 1915(g), Lisa M. Hill Hyatt's dismissal would be because there is no evidence she even intended to be a plaintiff in this action.  The Court does not have an address for her and the mail has been returned as undeliverable.  Further, there is nothing in the barebones handwritten complaint that would indicate what claims Ms. Hyatt would intend to bring or that the Court would have jurisdiction over the above matter involving her and the State of Texas Government System.  Therefore, the Court dismisses the action without prejudice with leave to refile if appropriate as to Ms. Wyatt.

Consequently, it is **ORDERED** that this action be and is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g) as to Plaintiff George Wyatt, Jr.  As to Plaintiff Lisa M. Hill Wyatt, the matter is **DISMISSED without prejudice** for failure to properly show that Ms. Wyatt intends to be a plaintiff in this lawsuit and what claims she brings.  Should Ms. Wyatt intend to bring a suit, she may file one with her own signature and pay either the filing fee or complete an application to proceed *in forma pauperis*.

**DONE** and **ORDERED** this 9th day of June, 2022.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE